**Prosecutor General's Office**
**of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-9, 101999, Russia

08.2004   Our ref. 35/2-2350-04

**Ms. Mary Ellen Warlow**
**Director**
Office of International Affairs
US Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

Dear Ms. Warlow,

The Prosecutor General's Office of the Russian Federation presents its compliments to the US Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters between the United States of America and the Russian Federation of June 17, 1999, requests legal assistance in criminal matter No. 323823 against A.I. Tugushev instituted under part 4 art. 159 of the Criminal Code of the Russian Federation and against A.Yu. Lyskov, L.F.Zinatulin and V.G.Chekunov under part 4 art.33 and part 1 art. 291, part 4 art.159 of the Criminal Code of the Russian Federation.

The performance of the investigative actions in the territory of the United States is necessary in order to ensure comprehensive preliminary inquiry.

The criminal procedure law of the Russian Federation provides for the limited period of pretrial investigation of criminal matters. The breach of procedural period may adversely affect results of investigation of a criminal case and prosecution of guilty persons.

Considering the above I kindly ask you to execute the above request by 20.11.2004 and to inform the Prosecutor General's Office of the Russian Federation on the results.

We guarantee that the results and documents obtained upon execution of the request will be used for the purposes of the investigation only and will not cause any harm to the interests of the United States of America or its nationals.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance to the law-enforcement agencies of the USA.

Enclosure: mutual legal assistance request in 21 pages

Acting Chief
International Law Department

V.I. Erokhin

Public Prosecutor's Office of the Rus-    Department of Justice of the United
sian Federation                          States of America
Public Prosecutor's Office of Moscow
City


27 Novokuznetskaya str., Moscow, 115184
July 19, 2004 N 34-35-04


### REQUEST FOR LEGAL ASSISTANCE

Public Prosecutor's Office of Moscow City is investigating the criminal case N 323823, initiated on June 01, 2004 against A.I. Tugushev, the former Vice-Chairman of the Russian Federation State Committee for Fishery as well as against A.Yu. Lysskov, L.F. Zinatulin and V.G. Chekunov.

A.I. Tugushev is accused of perpetrating crime, provided by article 159, part 4 of the Russian Federation Criminal Code; A.Yu. Lysskov, L.F. Zinatulin and V.G. Chekunov are accused of committing crimes, provided by article 33 (part 4), art. 291 (part 1) and article 159 (part 4) of the Russian Federation Criminal Code (please, find the explanation enclosed at the end of the request). In respect of all the persons accused, custodial placement has been applied as a measure of restraint.

While investigating the case, it was established that in September 2003, the above-mentioned persons, being cognizant of LLC "Pollux"'s need for securing quotas on drawing of different species out of water biological resources from the seas of the Far Eastern basin, were jobbing A.I.Tugushev's official standing, who had the capacity to facilitate such a decision-making; the persons aforesaid entered the criminal conspiracy with the aim to misappropriate by false pretenses the monetary funds, belonging to S.F. Alexandrov, the owner of LLC "Pollux". To this end, acting in accordance with the elaborated plan, in September-December 2003, in the premises of the Federal State Unitary Enterprise (FSUE) "Road infrastructure and servicing" situated at the address 20/1 Tverskaya str, Moscow, in the course of telephone conversations as well as private meetings in different places of Moscow, A.Yu. Lysskov, L.F. Zinatulin and V.G. Chekunov repeatedly instigated S.F. Alexandrov and LLC "Pollux" agent G.V. Chuguevsky to give funds at the amount of USD 3,700 000, allegedly designated for bribing officials of the Russian Federation State Committee for Fishery in return for assigning catch quotas to the aforesaid LLC, amounting to approximately 50 000 tons of various species out of water biological resources from the seas of the Far Eastern basin. Alongside, A.Yu. Lysskov acting in observance of joint criminal conspiracy, repeatedly invited A.I. Tugushev to FSUE "Road infrastructure and servicing" office, who in accordance with the previously distributed roles, together with other members of the criminal group, was assuring G.V. Chuguevsky and S.F. Alexandrov that via

jobbery he would solve the issue of required quotas assignment to LLC "Pollux". In this way, he sustained the illusion of the aforenamed as regards his capacity to take a favorable decision. So, A.I. Tugushev, A.Yu. Lysskov, L. F. Zinatulin and V.G. Chekunov inclined G.V. Chuguevsky and S.F. Alexandrov to hand over the requested amount, which was transferred in four installments for the purposes heretofore: on October 27, 2003 the amount of USD 200, 000 was transferred by G.V. Chuguevsky to L.F. Zinatullin, on October 29, 2003 USD 100, 000 was transferred by G.V. Chuguevsky to Zinatulin L.F., on December 16, 2003 USD 1, 500 000 was remitted by S.F. Alexandrov to L.F. Zinatulin by money order from CHARMSON FOODS CORPORATION (South Korea) to the account of the company "MACTRANS LLC", KENTUCKY, 400 WEST MARKET STREET, SUITE 1800, LOUISVILLE, KY 40202, USA (the company, indicated by L.F. Zinatulin) in "LATEKO BANKA" bank, RIGA, LATVIA with the banking details: SWIFT ██████████ MACTRANS LLC, ACC: ██████████ and on December 30, 2003 USD 1, 900 000 was transferred by G.V. Chuguevsky to L.F. Zinatulin and A.Yu. Lysskov. At the same time, acting in accordance with the previously distributed roles, L.F. Zinatulin and A.Yu. Lysskov forged a copy of the excerpt from the Minutes of the Inter-departmental Commission's meeting on shares assigned to Russian applicants (according to which LLC "Pollux" had allegedly secured a catching quota for 31.7 tons of water bio-resources) and transmitted the abovementioned copy to V.G. Chuguevsky via facsimile communication. Thus, having obtained the monetary funds of USD 3, 700 000 belonging to S.F. Alexandrov (which constitute particularly large amount), A.I. Tugushev, A.Yu. Lysskov, LF.Zinatulin and V.G. Chekunov undertook no actions to secure allotment of the above-stated volumes of water biological resources to the LLC and embezzled the money, obtained by false pretenses.

The criminal case records include a paper with the name and address of MACTRANS LLC, and its banking account details in LATEKO BANKA bank, RIGA, LATVIA therein, which was handed over by L.F. Zinatulin to V.G. Chuguevsky with the aim to effect subsequent money remittance at the amount of USD 1 500 000 to the specified banking account. Proceeding from the text in aforesaid paper, the Agent of MACTRANS LLC is Vladimir Mikhalev.

Besides, it has been ascertained, that monetary funds to the amount of USD 2, 500 000, the portion thereof designated for delivery to the criminal group consisting of A.Yu. Tugushev, A.Yu. Lisskov, L.F. Zinatulin and V.G. Chekunov, were transferred by CHARMSON FOOD CORPORATION, South Korea, on December 26, 2003 to the banking account of SANTA KIO LTD, SUITE 606, 122 ON. MARKET STR., WILMINTON DE 19801, COUNTY OF NEWCASTLE, USA with the banking details: SWIFT ██████████, A.N.: ██████████ "LATEKO BANKA" bank, RIGA, LATVIA.

In course of the preliminary investigation, the original payment documents relating to the money remittance of USD 1, 500 000 dated December 16, 2003 and of USD 2, 500 000 dated December 23, 2003 to "LATEKO BANKA" bank, RIGA, LATVIA, were suppressed from Mr. Kim Sa Kem, the Chief Executive of

CHARMSON FOOD CORPORATION and were attached to the criminal case records.

In view of foregoing, in accordance with the Treaty between the Russian Federation and the United States of America on mutual legal assistance in the criminal proceedings of June 17, 1999, with the purpose of ascertaining significant circumstances for the criminal investigation heretofore, I ask You to provide legal assistance to the Public Prosecutor's Office of Moscow City, on the following matters:

1) Please, ascertain if the proprietary organization named MACTRANS LLC is registered in the United States of America by the address KENTUCKY, 400 WEST MARKET STREET, SUITE 1800, LOUISVILLE, KY 40202, USA. If such proprietary organization is registered, I ask you to give information about its owners, executives, matter of activity and its banking details.

2) In case the identity of MACTRANS LLC executives and owners is established, please, interrogate them as witnesses so as to clarify the issues hereunder:

Whether the Russian Federation citizens Alexander Ivanovich Tugushev, Andrei Yurievich Lysskov, Lenar Faridovich Zinatulin, Vladimir Gennadievich Chekunov, Vitaly Orlov are known to them;

- In which relations they are with these persons.
- Whether MACTRANS LLC has a banking account in "LATEKO BANKA" bank, RIGA, LATVIA, with the following banking details: SWIFT: ███████████MACTRANS LLC, ACC: ███████████
- Whether the money transfer for the amount of 1, 500 000 USD was effected on December 16, 2003 by CHARMSON FOODS CORPORATION, South Korea, to the account aforesaid.
- in which connection the abovementioned money transfer was effected.
- the present location of the specified monetary funds, their remittance details.
- In case the specified monetary funds were converted into cash, by whom, when and where the aforesaid cashing was effected.

3) Please, establish, if Vladimir Mikhalev is employed by LLC MACTRANS Co and interrogate him as a witness on the abovementioned issues:

4) Please, obtain certified copies of MACTRANS LLC constituent documents.

5) Please, withdraw and forward to our address all the original documents with information as regards availability of MACTRANS LLC's banking account in "LATEKO BANKA, RIGA, LATVIA", with its banking details: SWIFT: ███████████ BIN: MACTRANS LLC, ACC: ███████████, with data relating to money remittance to this account by CHARMSON FOOD CORPORATION (South Korea) on December 16, 2003, as well as on further movement of the specified monetary funds.

6) Please, establish, whether proprietary organization named SANTA KIO LTD has a registered office in the United States of America at SUITE 606, 122ON. MARKET ST., WILMINTON, DE 19801, COUNTY OF NEWCASTLE, USA. If this commercial organization is registered in fact, please, advise me on its owners, executives, matter of its activity and banking details.

7) If owners and executives of SANTA KIO LTD company are established, please, interrogate them as witnesses so as to ascertain the following issues:
- if SANTA KIO LTD has a banking account in "LATEKO BANKA, RIGA, LATVIA", with its banking details as follows: SWIFT ██████████, A.N.: ██████████
- Whether the money transfer of USD 2 500 000 was really effected on December 26, 2003 by CHARMSON FOODS CORPORATION, South Korea, to the indicated account.
- In what connection the specified money transfer was effected,
- What is the present location of the aforesaid monetary funds, to which place they were remitted.
- - in case of monetization of the specified monetary funds, who, when and where effected monetization of the funds aforesaid.
8) Please, obtain certified copies of the constituent documents of SANTA KIO LTD.
9) Please, withdraw and forward to our address all the original documents with the data on the availability of the banking account held by SANTA KIO LTD in "LATEKO BANKA, RIGA, LATVIA" bank, with its banking details being as follows: SWIFT ██████████ A.N.: ██████████, on money remittance to this account by CHARMSON FOOD CORPORATION, South Korea on December 26, 2003, as well as information with respect to the further movement of funds heretofore.
10)    In case if organizations (natural persons), acting as recipients of the subsequently remitted assets at the amount of 1 500 000 USD and 2 500 000 USD, are established:
- please, withdraw and forward to our address all the original documents with the details concerning movement of these funds;
- please, establish the identity and interrogate the agents of these organizations (individual natural persons) as witnesses concerning all circumstances of funds remittance, their appurtenance, purpose and subsequent movement.
11)    Please, establish if property (including assets kept on banking accounts and deposits and deposits in other credit organizations), owned by the following persons, is located in the territory of the United States of America:

- ZINATULIN LENAR FARIDOVICH, born ██████████ the native of Makhahkala city, Republic of Dagestan, the Russian Federation.
- TUGUSHEV ALEXANDER IVANOVICH, ██████████, the native of Ryazan city, the Russian Federation.
- LYSSKOV ANDREY YURIEVICH, born ██████████ the native of Kotlasa town, Arkhangelsk region, the Russian Federation.
- CHEKUNOV VLADIMIR GENNADIEVICH, born ██████████ the native of Murmansk city, the Russian Federation.
In case if property in the ownership of the indicated persons, is disclosed, please, establish its location so that to provide for its subsequent sequestration.

and withdrawal in view of indemnifying damage, inflicted to the defrauded person.

I ask you to pay your attention to the fact, that by means of money transactions, effected via MACTRANS LLC company, the accused persons were capable of exercising actions, directed to legalizing profits, obtained by false pretenses (money laundering).

With the respect to particularities of procedural criminal law in the Russian Federation, while interrogating witnesses in the territory of the United States of America, I ask you to summarize their evidence in the procedural document (the Minutes), with every sheet thereof to be signed by the witness with his own hand, and the whole document to be signed by representative of the US authorities.

Then, to achieve maximum efficiency and quality in execution of the request heretofore, I ask your permission to visit the United States of America for the period of not more than 10 days, and to be present there while interrogating witnesses, for Nikitin Alexei Konstantinovich, senior investigator of Prosecutor's Office of Moscow City (27, Novokuznetskaya str., Moscow City, Russia, zip code ████████, tel. ████████████████████ and for Vasiliev Oleg Vladimirovich, senior examining officer for special cases from the Chief Department for Organized Crime, Criminal Militia Service for the RF Ministry of Internal Affairs (1/2, Sadovo-Spasskaya str., building 1, City of Moscow, Russia, 107053, phone ████████.

Explanation: In accordance with applicable Criminal Code of Russian Federation:

**Article 159.** Fraud

    1. Fraud, i.e. misappropriation or obtaining by false pretenses or by abuse of confidence,

is punishable by fine at the rate of up to 120 000 rubles or for the amount of a convicted person's salary or other profit calculated for the period of up to 1 year, or by enforcement to compulsory works for the term of up to one hundred and eighty hours or to disciplinary works for the term from six months to one year, or by custodial placement for the term of from two to four months or custodial restraint for the term of up to two years.

    2. Fraud, committed by a group of persons on preliminary conspiracy, as well as while inflicting a significant damage to a citizen,

is penalized at the rate of three hundred thousand rubles or to the amount of a convicted person's salary or other profit calculated for the period of up to two years, either by compulsory works for the period from one hundred and eighty to two hundred and forty hours, or by disciplinary works for the term from one year to two years, or by custodial restraint for the term of up to five years.

    3. Fraud, committed by a jobber, including the large scale one,

is penalized at the rate from one hundred thousand to five hundred thousand rubles or at the rate of the convicted person's salary or other profit calculated for the period from one to three years, or by custodial restraint for the term of from two to six years with penalty at the rate of up to ten thousand rubles, or at the rate of a convicted person's salary or other profit for the period of up to one month or without the same.

4. Fraud, committed by a organized group or on a specially large scale,
   – is punishable by custodial restraint for the period from five to ten years with a penalty at the rate from one million rubles or at the rate of a convicted person's salary or other profit calculated for the period of up to three years, or without the same.
   –

*Note. If cost of property exceeds two hundred and fifty thousand rubles, it is recognized as large scale amount, while one million is recognized a particularly large-scale.*

**Article 33.** Types of accomplices to crime
Alongside with first degree principal of crime, its organizer, instigator and associate are recognized as accomplices to offense.

1. A person, being an immediate perpetrator of the offense or taking an immediate part in its perpetration jointly with other persons (co-perpetrators), as well as a person, who committed a crime by employing other persons, not subject to criminal liability due to age, mental insanity or other reasons, stipulated by the present Code, is recognized a first degree principal.
2. Organizer of crime commitment or a person, being at the head in course of its commitment, as well as a person who formed an organized group or a criminal community (criminal organization) or the leader aforesaid, is considered as a crime organizer.
3. A person, who inclined another person to crime commitment, by means of persuasion, bribery, threat or by other means, is recognized a crime instigator.
4. A person, who facilitated a crime commitment by providing advice, instructions, information, means or tools for crime commitment, or by removing impediments to crime commitment, as well as a person, who gave a preliminary promise to shelter a criminal, cover up means or tools designed for crime commitment, traces or fraudulently obtained objects, as well as a person who made a preliminary promise to acquire or get rid of the objects aforesaid, is recognized accomplice to crime committed.

**Article 291.** Giving a bribe
1. Giving a bribe to a public officer either personally, or through an agent

is penalized at the rate of up to two hundred thousand rubles or at that of a convicted person's salary or other profit calculated for the period of up to eighteen months, or by disciplinary works for the term of from three to six months, or custodial coercion for the term of up to three years.

**2.** Giving a bribe to a public officer for his commitment of wittingly illegal actions (act of omission),

- is punishable by fine at the rate of from one hundred thousand to five hundred thousand rubles or at the rate of convicted person's salary or other profit calculated for the period from one year to three years, or by custodial coercion for the period of up to eight years.

- *Note. A person, who gave a bribe is exempted from criminal liability in case of being blackmailed by a public officer, or in case the person aforesaid voluntarily informs the authority, authorized to initiate criminal proceedings over bribery.*

Supplement: - copy of a payment document for the amount of 1 500 000 USD as of December 16, 2003 from CHARMSON FOOD CORPORATION, South Korea, in the Korean language, in 1 page with its English translation in 1 one.

- a copy of paper with the recorded name and address of MACTRANS LLC and its banking account details in LATEKO BANKA bank, RIGA, LATVIA, in Russian, in 1 page, with its English translation in 1 page.

- a copy of payment document for the amount of 2 500 000 USD dated December 26, 2003 from CHARMSON FOOD CORPORATION, South Korea, in the Korean language in 1 page with English translation in 1 page.

6 pages in total

I thank you beforehand for the assistance rendered.

Yours respectfully,

Senior investigator of the Third section,
Department for investigation of economic crimes and malfeasance
Public Prosecutor's Office of Moscow City

Legal expert of the second class                    Alexei K. Nikitin
                                                phone 8 (095) 235-8043
                                                8 (095) 959-69-09

Every page of this document is sealed with official seal of Public Prosecutor Office, City of Moscow.